THERESE S. HARRIS (SBN 246711)
Of Counsel
M. Harvey Rephen & Associates, P.C.
935 Riverside Ave., Suite 7B
Paso Robles, CA  93446
Telephone: (805) 369-2053
Facsimile:   (805) 715-7824
Email Address: tharris@tharrislawoffice.com

Attorney for Plaintiff, RAMON GARCIA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RAMON GARCIA**, an individual, | **CASE NO:**  2:15-at-1023 |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **DEMAND FOR A JURY TRIAL** |
| **NELSON & KENNARD**, | |
| Defendant. | |

Plaintiff RAMON GARCIA ("Plaintiff"), by and through his attorneys, M. Harvey Rephen & Associates, P.C., as and for its Complaint against the Defendant NELSON & KENNARD (hereinafter referred to as Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION

1.  Plaintiff brings this action on his own behalf for damages, statutory damages, attorney fees and costs brought by an individual consumer for Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act (hereinafter "FDCPA") and Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter "RFDCPA" which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

2.  According to 15 U.S.C. § 1692:

a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

e. It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. The California Legislature has found that: The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.

## PARTIES

4. Plaintiff RAMON GARCIA (hereinafter "Plaintiff"), is a natural person residing in Salano County, State of California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code §1788.2(h).

5. Defendant NELSON & KENNARD (hereinafter "NELSON"), is a California law firm engaged in the business of debt collection with an office at 2180

Harvard Street, Suite 160, Sacramento, CA 95815. The principal purpose of NELSON is the collection of debts using the mails and telephone, and NELSON regularly attempts to collect debts alleged to be due another. NELSON is a "debt collector" within the meaning of 15 U.S.C. §1692a(6) and Cal. Civil Code § 1788.2(c).

## JURISDICTION

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 et seq. and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

7. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## VENUE

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## FACTUAL ALLEGATIONS

9. Plaintiff incurred a financial obligation, namely a consumer credit account. The debt was incurred primarily for personal, family or household purposes as is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code §1788.2(f).

10. Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on date unknown to Plaintiff, the debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff. Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from the Plaintiff.

11. Upon information and belief, and better known to the Defendant, the Defendant began its collection efforts and campaign of communications with the Plaintiff on October 17, 2014, by placing a call to the Plaintiff's telephone number of (707) 266-6524 and leaving a voice message.

12. Defendant's voice message stated that "Rod Moore" from the law firm of Defendant was calling Plaintiff and that Defendant was a debt collector, requesting a return call to (866) 920-2295.

13. The recorded greeting at the aforementioned number (i.e., "Hi, you've have reached the Garcias, we're not here right now but we will call you back if you leave us a message") explicitly states that the caller has reached a family telephone which is in use by multiple individuals in the home.

14. Accordingly, on October 17, 2014, Plaintiff's father-in-law, Loreto Rojas, heard the aforementioned message that a "law firm" and debt collector was calling Plaintiff to collect a debt.

## FIRST CAUSE OF ACTION

### (Violations of the FDCPA)

15. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

16. 15 USC §1692c(b) prohibits a debt collector from disclosing to unauthorized third parties that they are a debt collector attempting to collect a debt from a consumer.

17. The Defendant violated 15 USC §1692c(b) by disclosing to a third party, the Plaintiff's father-in-law, Loreto Rojas, that Defendant was a debt collector attempting to collect an alleged debt from the Plaintiff.

18. As a result of Defendant's neglect and carelessness in leaving a telephone message on a voice mail accessible to a third party using Plaintiff's name and debt collection disclosures, Plaintiff suffered shame and embarrassment and according to 15 USC §1692k(a)(1), Defendant is liable to Plaintiff for damages sustained because of

Defendant's failure to comply with §1692 et seq. of Title 15 of the United States Code (the FDCPA) and other violations of the FDCPA.

## SECOND CAUSE OF ACTION

### (Violations of the RFDCPA)

19. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

20. Plaintiff brings the second claim for relief against Defendant, NELSON, only under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

21. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

22. Defendant, NELSON, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

23. The financial obligation owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

24. Defendant has violated the RFDCPA. The violations include, but are not limited to, the following:

   a. Disclosing to unauthorized third parties that they are a debt collector attempting to collect a debt from a consumer, pursuant to Cal. Civil Code § 1788.12(b).

25. NELSON'S acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the debt, within the meaning of Cal. Civil § 1788.30(b).

26. As a result of NELSON's violations of the RFDCPA, Plaintiff is entitled to an award of actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a).

27. As a result of NELSON's willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one

1  Hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to
2  Cal. Civil Code § 1788.30(b).
3      28.    As a result of NELSON's violations of the RFDCPA, Plaintiff is entitled to
4  an award of statutory damages in an amount not exceeding $1,000 pursuant to Cal.
5  Civil Code § 1788.17.
6      29.    As a result of NELSON's violations of the RFDCPA, Plaintiff is entitled to
7  an award of reasonable attorney's fees and costs pursuant to Cal. Civil Code §§
8  1788.30(c) and 1788.17.
9      30.    Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the
10 RFDCPA are intended to be cumulative and in addition to any other procedures, rights
11 or remedies that the Plaintiff may have under any other provision of law.

## DEMAND FOR TRIAL BY JURY

13     31.    Plaintiff hereby respectfully requests a trial by jury for all claims and
14 issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this court:

a. Assume jurisdiction in this proceeding;

b. Declare that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692k(a)(1);

c. Declare that NELSON violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.17 and 1788.30;

d. Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code § 1788.30(a);

e. Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. § 1692d(a)(2)(A);

f. Award Plaintiff a statutory penalty in an amount not less than $100 or greater than $1,000, pursuant to Cal. Civil Code §

1788.30(b);

g. Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to Cal. Civil Code § 1788.17;

h. Award Plaintiff the costs of this action and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c);

i. Award Plaintiff such other and further relief as may be just and proper.

Dated: October 1, 2015

Respectfully submitted,

_____
THERESE S. HARRIS (SBN 246711)
Of Counsel
M. Harvey Rephen & Associates, P.C.
935 Riverside Ave., Suite 7B
Paso Robles, CA 93446
Telephone:   (805) 369-2053
Facsimile:   (805) 715-7824
Email Address: tharris@tharrislawoffice.com

Attorney for the Plaintiff RAMON GARCIA

1  To:   Nelson & Kennard
2        2180 Harvard Street, Suite 160
         Sacramento, CA 95815
3
4        *(Via Prescribed Service)*
5
         Clerk of the Court
6        United States District Court
         U.S. Courthouse
7        Eastern District of California
         501 I Street, 4th Floor
8        Sacramento, CA 95814
9        (916) 930-4000
10
11       *(Via electronic filing)*