File No. 14-09127
Robert Scott Kennard
State Bar No. 117017
Email: rskennard@nelson-kennard.com
NELSON & KENNARD
2180 Harvard Street, Ste. 160 (95815)
P.O. Box 13807
Sacramento, CA  95853
Telephone:  (916) 920-2295
Facsimile:  (916) 920-0682

Attorney for Defendant
NELSON & KENNARD

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON GARCIA, | Case No.  2:15-CV-02061-KJM-AC |
| Plaintiff, | |
| vs. | **ANSWER OF DEFENDANT NELSON & KENNARD TO COMPLAINT FOR DAMAGES** |
| NELSON & KENNARD, | |
| Defendant. | |

Defendant NELSON & KENNARD (hereinafter "Defendant") hereby responds to the Complaint of RAMON GARCIA (hereinafter "Plaintiff") as follows:

### INTRODUCTION

1.  Defendant lacks sufficient information or belief to enable it to either admit or deny the allegations contained in paragraph 1 of Plaintiff's Complaint and, based thereon, denies each and every allegation contained therein.

2. Defendant lacks sufficient information or belief to enable it to either admit or deny the allegations, if any, contained in paragraph 2 of Plaintiff's Complaint and, based thereon, denies each and every allegation contained therein.

3. Defendant lacks sufficient information or belief to enable it to either admit or deny the allegations, if any, contained in paragraph 3 of Plaintiff's Complaint and, based thereon, denies each and every allegation contained therein.

**PARTIES**

4. Defendant lacks sufficient information or belief to enable it to either admit or deny the allegations, if any, contained in paragraph 4 of Plaintiff's Complaint and, based thereon, denies each and every allegation contained therein.

5. Defendant admits that it is a California law firm with its principal location at 2180 Harvard Street, Ste. 160, Sacramento, California 95815. Defendant lacks sufficient information or belief to enable it to either admit or deny the remaining allegations contained in paragraph 5 of Plaintiff's Complaint and, based thereon, denies each and every remaining allegation.

**JURISDICTION**

6. Defendant lacks sufficient information or belief to enable it to either admit or deny the allegations contained in paragraph 6 of Plaintiff's Complaint and, based thereon, denies each and every allegation.

7. Defendant denies each and every allegation contained in paragraph 7 of Plaintiff's Complaint.

**VENUE**

8. Defendant lacks sufficient information or belief to enable it to either admit or deny the allegations contained in paragraph 8 of Plaintiff's Complaint and, based thereon, denies each and every allegation. Defendant further denies that any violation of the FDCPA has occurred in any respect whatsoever.

**FACTUAL ALLEGATIONS**

9. Defendant admits that Plaintiff has incurred a financial obligation owed to Defendant's client. Defendant lacks sufficient information or belief to enable it to either admit or deny the remaining allegations contained in paragraph 9 of Plaintiff's Complaint and, based thereon, denies each and every allegation.

10. Defendant admits that it was retained to prosecute a collection action on behalf of its client with respect to the debt incurred by Plaintiff. Defendant lacks sufficient information or belief to enable it to either admit or deny the remaining allegations contained in paragraph 10 of Plaintiff's Complaint and, based thereon, denies each and every allegation.

11. In response to paragraph 11 of Plaintiff's Complaint, Defendant admits that it placed a call to Plaintiff using the telephone number of (707) 266-6524 and left a voicemail message. Defendant denies each and every remaining allegation.

12. In response to paragraph 12 of Plaintiff's Complaint, Defendant admits that a voice message was left for the Plaintiff but denies that the allegation properly states the content of the message. Defendant further denies that the message was overheard by an unauthorized third party.

13. Defendant lacks sufficient information or belief to enable it to either admit or deny the allegations contained in paragraph 13 of Plaintiff's Complaint and, based thereon, denies each and every allegation.

14. Defendant lacks sufficient information or belief to enable it to either admit or deny the allegations contained in paragraph 14 of Plaintiff's Complaint and, based thereon, denies each and every allegation.

### FIRST CAUSE OF ACTION

### (Violations of the FDCPA)

15. Defendant repeats and incorporates herein by reference all of its responses set forth in paragraphs 1 through 14 hereinabove as though fully set forth herein.

16. In response to paragraph 16 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

17. Defendant denies each and every allegation contained in paragraph 17 of Plaintiff's Complaint.

18. Defendant denies each and every allegation contained in paragraph 18 of Plaintiff's Complaint and specifically denies that Plaintiff has been damaged in any sum or respect whatsoever.

## SECOND CAUSE OF ACTION

### (Violations of the RFDCPA)

19. Defendant repeats and incorporates herein by reference all of its responses set forth in paragraphs 1 through 18 hereinabove as though fully set forth herein.

20. Defendant lacks sufficient information or belief to enable it to either admit or deny the allegations contained in paragraph 20 of Plaintiff's Complaint and, based thereon, denies each and every allegation.

21. Defendant lacks sufficient information or belief to enable it to either admit or deny the allegations contained in paragraph 21 of Plaintiff's Complaint and, based thereon, denies each and every allegation.

22. Defendant lacks sufficient information or belief to enable it to either admit or deny the allegations contained in paragraph 22 of Plaintiff's Complaint and, based thereon, denies each and every allegation.

23. Defendant admits that Plaintiff has incurred a financial obligation owed to Defendant's client. Defendant lacks sufficient information or belief to enable it to either admit or deny the remaining allegations contained in paragraph 23 of Plaintiff's

Complaint and, based thereon, denies each and every remaining allegation.

24. Defendant denies each and every allegation contained in paragraph 24 of Plaintiff's Complaint.

25. Defendant denies each and every allegation contained in paragraph 25 of Plaintiff's Complaint.

26. Defendant denies each and every allegation contained in paragraph 26 of Plaintiff's Complaint and specifically denies that Plaintiff is entitled to an award of damages in any sum or respect whatsoever.

27. Defendant denies each and every allegation contained in paragraph 27 of Plaintiff's Complaint and specifically denies that Plaintiff is entitled to an award of statutory damages in any sum or respect whatsoever.

28. Defendant denies each and every allegation contained in paragraph 28 of Plaintiff's Complaint and specifically denies that Plaintiff is entitled to an award of statutory damages in any sum or respect whatsoever.

29. Defendant denies each and every allegation contained in paragraph 25 of Plaintiff's Complaint and specifically denies that Plaintiff is entitled to an award of his attorney's fees and/or costs.

30. Defendant lacks sufficient information or belief to enable it to either admit or deny the allegations contained in paragraph 30

of Plaintiff's Complaint and, based thereon, denies each and every allegation.

### DEMAND FOR JURY TRIAL

31. Defendant joins in Plaintiff's request for a jury trial.

### FIRST AFFIRMATIVE DEFENSE

32. The Cross-Complaint fails to state facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

33. To the extent Plaintiff establishes that a violation of the FDCPA may have occurred, Defendant submits that such error was unintentional and occurred notwithstanding procedures maintained by Defendant designed and calculated to preclude such a bona fide error.

### THIRD AFFIRMATIVE DEFENSE

34. To the extent Plaintiff establishes that a violation of the FDCPA may have occurred, such violation, if any, was immaterial and therefore not actionable.

### FOURTH AFFIRMATIVE DEFENSE

35. To the extent Plaintiff establishes that a violation of the Rosenthal Act may have occurred, Defendant submits that such error was unintentional and occurred notwithstanding procedures maintained by Defendant designed and calculated to preclude such a bona fide error.

## FIFTH AFFIRMATIVE DEFENSE

36. To the extent Plaintiff establishes that a violation of the Rosenthal Act may have occurred, such violation, if any, was immaterial and therefore not actionable.

## SIXTH AFFIRMATIVE DEFENSE

37. By reason of the acts, omissions, or conduct of Plaintiff and/or his agents, or by reason of Plaintiff's ratification of the acts, omissions, or conduct of others, Plaintiff is barred from any relief or the recovery of damages under the doctrine of waiver.

WHEREFORE, Defendant NELSON & KENNARD prays that Plaintiff RAMON GARCIA take nothing by reason of his Complaint and that Defendant have Judgment for costs incurred herein, its reasonable attorney's fees, and for such other and further relief as may be just and proper.

Dated: 11/17/15            By: /s/ Robert Scott Kennard
ROBERT SCOTT KENNARD
Attorney for Defendant
NELSON & KENNARD